_____
Honorable August B. Landis
United States Bankruptcy Judge

Entered on Docket
August 20, 2020

Brian E. Holthus (NV 2720)
**JOLLEY URGA WOODBURY & HOLTHUS**
Tivoli Village
330 South Rampart Boulevard
Suite 380
Las Vegas, NV 89145
Phone: 702/699-7500
Fax: 702-699-7555
beh@juwlaw.com

Todd A. Burgess (AZ 019013)
*Admitted pro hace vice*
Lindsi M. Weber (AZ 025820)
*Admitted pro hace vice*
**POLSINELLI PC**
One E. Washington St., Ste. 1200
Phoenix, AZ 85004
Telephone: (602) 650-2000
taburgess@polsinelli.com
lweber@polsinelli.com

*Attorneys for Plaintiff Continue Media, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. BK-S 19-17165-ABL<br>Chapter 7 |
| SCHRAMM, JAMES PAUL,<br>SCHRAMM, RENELYN GUILLERMO, | |
| Debtors. | |

1

| | |
|---|---|
| CONTINUE MEDIA, LLC, a Wyoming limited liability company, | Adv. Case No. 20-ap-01022-ABL |
| Plaintiff, | |
| v. | **JUDGMENT** |
| JAMES PAUL SCHRAMM and RENELYN GUILLERMO SCHRAMM, | |
| Defendants. | |

Defendants James Paul Schramm and Renelyn Guillermo Schramm ("Defendants") were served with process and failed to timely appear or answer the Complaint in this action filed by Plaintiff Continue Media, LLC ("Plaintiff"). Unless otherwise indicated, capitalized terms used in this Judgment will correspond to the Verified Complaint.

This matter having come before this Court pursuant to the *Motion for Entry of Default Judgment* (the "Motion") filed by Plaintiff, supported by the *Affidavit of Ryan Dall in Support of Default Judgment* (the "Dall Affidavit") and the *Affidavit of Todd A. Burgess in Support of Default Judgment and Request for Attorneys' Fees and Costs* (the "Burgess Affidavit"), and the Court having reviewed the Motion and all other submissions in connection therewith, and for good cause shown:

THE COURT HEREBY FINDS AND CONCLUDES as follows:

A.    Plaintiff filed its Verified Complaint initiating adversary 20-ap-01022-ABL on February 10, 2020.

B.    The Complaint and accompanying Summons' were served on Defendants on February 12, 2020.

2

73497024.2

C.     Defendants' original deadline to answer or otherwise plead in response to the Verified Complaint was March 13, 2020.   Plaintiff subsequently granted Defendants an extension of time to March 31, 2020.

D.     Defendants failed to timely answer or otherwise plead in response to the Verified Complaint.

E.     Entry of default was entered by the Clerk on April 16, 2020.

F.     As further set forth in the Complaint and Dall Affidavit, Defendants made affirmative misrepresentations, fraudulent omissions, and engaged in deceptive conduct throughout the course of its dealings with Plaintiff.

G.     At all relevant times, Defendants had full knowledge of the falsity and deceptiveness of his statements and conduct.

H.     At all relevant times, Defendants acted with actual intent to deceive Plaintiff.

I.     Plaintiff justifiably relied on Defendant's statements and conducts to its extreme detriment, which proximately caused damage to Plaintiff in the amount of at least $1,048,421.

J.     Defendants' conduct constitutes a felonious taking of Plaintiff's personal property with actual intent to convert such property and deprive Plaintiff of the same.

K.     Defendants acted with an evil heart or purpose, and/or maliciously without excuse or color of right, and proximately caused damage to Plaintiff.

L.     Defendants' conduct as alleged herein was undertaken intentionally, willfully and maliciously and proximately caused damage to Plaintiff.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Plaintiff is awarded judgment against Defendant as follows:

73497024.2

1.      An award of compensatory damages in the principal amount of $1,048,421.00;

2.      Attorneys' fees in the amount of $50,713.50 and costs in the amount of $2,680.78;

3.      Post-judgment interest on the foregoing amounts at the contractual rate of 18% per annum from the date of entry of this judgment until paid in full.

4.      The amounts awarded in this Judgment are hereby adjudicated to be non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(A), (a)(4) and (a)(6), in this and in any future bankruptcy proceeding;

5.      Plaintiff is entitled to recover its post-judgment attorneys' fees and costs incurred in executing or otherwise enforcing this Judgment.

SIGNED and DATED this 17th day of August, 2020.

Submitted by:

**JOLLEY URGA WOODBURY & HOLTHUS**

/s/ Brian E. Holthus

By:_____
Brian E. Holthus
Tivoli Village
330 South Rampart Boulevard
Suite 380
Las Vegas, NV 89145
Phone:  702/699-7500
Fax:  702-699-7555
beh@juwlaw.com

73497024.2

## **RULE 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies as follows:

☐ The court has waived the requirement set forth in LR 9021(b)(1).

☒ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

73497024.2